## Commonwealth v. Fries

*Roy Gardner*, District Attorney, for Commonwealth.

*Andrew S. Moscrip*, for amicus curae.

No appearance for defendants.

TREMBATH, P. J., June 20, 1958.—Defendants were indicted under section 941 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4941. They are charged with cruelty to a dog. There has been no testimony as to the exact nature of the cruelty, but the court understands that defendants are charged with pouring gasoline on a dog and setting the dog on fire. Section 941 provides:

"Whoever wilfully and maliciously kills, maims or disfigures any domestic animal of another person . . . is guilty of a misdemeanor."

The district attorney has moved to nolle pros the above captioned matter because The Penal Code of 1939, above quoted, repealed the Criminal Code of March 31, 1860, P. L. 382, sec. 154, as amended, which reads as follows:

"Every person who shall wilfully and maliciously kill, maim or disfigure any horse, cattle, dog or other domestic animals shall be guilty of a misdemeanor."

And further because the Statutory Construction Act of May 28, 1937, P. L. 1019, provides:

"The following words and phrases, when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section:

"(37) 'Domestic animal,' any equine animal, bovine animal, sheep, goat and pig": 46 PS §601.

This court in decisions in Wyoming County, a part of this judicial district, has previously upheld the argu-

ment that a dog is not a domestic animal and therefore not within the concept of section 941 of The Penal Code. This the court now views as pure error and one that should not be perpetuated simply on the principle of stare decisis.

The Statutory Construction Act in section 533, also provides:

"Words and phrases shall be construed according to rules of grammar and according to their common and approved usage."

The word "domestic" is defined when applied to animal, as tame, living with man. There is no animal that better fits the dictionary definition of the word "domestic" than a dog or a cat, therefore when the legislature in the recodification of the criminal law in 1939, dropped the word "dog," it was simply dropping a redundant word. The Statutory Construction Act in its definition of the words and phrases "domestic animal" did not preclude the inclusion within that term of a dog or a cat, and we therefore hold that a dog or cat is a domestic animal, and for that reason refuse to quash the indictment.

And now, June 20, 1958, Commonwealth's motion to nolle pros is denied.